# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 07-CR-044-001-TCK |
| v. | ) | |
| | ) | USM Number: 10406-062 |
| MICHAEL TODD MARKHAM, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion Pursuant to the Federal Rules of Criminal Procedure 36 (Doc. 45). Defendant moves for correction of the judgment to reflect credit for time served in state custody from January 31, 2007, to January 7, 2009, a period of twenty-three months. Defendant takes issue with how the Bureau of Prisons (BOP) has applied jail credits toward his sentence, believing he is entitled to, but wrongly denied, credit for time spent in official detention. Defendant's remedy is a comparable reduction in sentence. He argues USSG §5G1.3(c) is applicable, authorizing a twenty-three-month reduction of his 180-month sentence, to a term of 157 months imprisonment.

On January 7, 2009, Defendant appeared for sentencing on a Writ of Habeas Corpus Ad Prosequendum from state custody following his guilty plea to Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), and 924(e)(1). Defendant was sentenced to 180 months in the custody of the BOP, to be served concurrently with the undischarged sentence imposed in Green County, Missouri, Case No. CF-9592. Defendant was returned to the State of Missouri to complete his sentence, and upon discharge was transferred to the BOP to serve the remainder of the instant sentence.

Rule 36 provides that clerical mistakes in judgments, orders and other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders. Rule 36 gives the district court authority to correct clerical-type errors, but does not give the court authority to substantively alter a defendant's sentence. See United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996)(holding that Rule 36 does not authorize the district to substantively modify a sentence). The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request).

Defendant's motion would fail even if the Court could reconsider the sentence. Defendant believes USSG §5G1.3(c) permits a district court to adjust a sentence. This is incorrect. It is §5G1.3(b) that authorizes a sentence offset, permitting the court to adjust the sentence for any period of imprisonment already served on an undischarged term of imprisonment that 1) is found to be relevant conduct to the instant conviction, and 2) was not credited to the federal sentence by the Bureau of Prisons. Because Defendant was serving an undischarged term of imprisonment for parole violations stemming from state convictions occurring in 2000, the undischarged sentence was unrelated to the instant conviction, meaning §5G1.3(b) did not apply. See PSR, ¶ 43. Accordingly, the Court found §5G1.3(c) applicable, and utilized its sentencing discretion by ordering the sentence to run concurrently with the undischarged term.

The underlying issue here is a dispute over application of jail credit. Because Defendant seeks redress from the Court through this motion and other means,[1] the Court makes the following findings. It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons (BOP), which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994); see also United States v. Brown, 212 Fed. Appx. 747 (10th Cir. 2007) ("[a] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing."). This Court lacks the authority to determine and award jail credit.[2]

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of

---

[1] In correspondence dated June 24, 2015, Defendant requests that the Court issue an order granting jail credit for time spent in official detention. For reasons stated herein, the Court does not have the authority to grant Defendant's request.

[2] Although this Court is without authority to award jail credits, review of the record reflects that Defendant has been granted all credits to which he is entitled. The BOP awarded 120 days jail credit for time served from January 26, 2007 to May 17, 2007, related to the dismissed charges in Ottawa County Case No. CF-2007-050. Further, 327 days of jail time was credited to the parole revocation term imposed in Green County, Missouri, Case No. CF-9592. Title 18 U.S.C. § 3585(b) does not permit credit on a federal sentence for time served and credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in § 3585(b) against double crediting;" the court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period").

3

Prisons until the expiration of the term imposed."). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences long has operated in this manner. The BOP has developed detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations afford prisoners administrative review of the computation of their credits. A defendant must raise the issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Buchanan v. United States Bureau of Prisons, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241.").

**IT IS THEREFORE ORDERED** that Defendant's Motion Pursuant to the Federal Rules of Criminal Procedure 36 (Doc. 45), is hereby **denied**.

**IT IS SO ORDERED** this 8th day of September, 2015.

_Terence C Kern_

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE